Morris E. Spector, J.
Defendants move for judgment pursuant to rules 112 and 113 of the Rules of Civil Practice, and the Attorney-General of the State of New York, as intervenor, *90 also moves for judgment pursuant to rule 113. Plaintiff cross-moves for judgment pursuant to rules 112 and 113.
This action was brought for a judgment declaring that the amendment of the State Residential Rent Law (L. 1946, ch. 274, as amd.) pursuant to which the Administrator had exercised control over plaintiff’s hotel property, was not applicable to that establishment and that the portion of the amendment which authorized the Administrator to establish maximum rents for establishments thus subjected to control was unconstitutional since the amending statute lacked adequate standards, guides and limitations.
It is alleged in the complaint that the plaintiff is the owner of the property known as the Hotel Armstrong and that the premises had not been subject to rent control under the Federal rent control laws because it had been operated as a hotel within the Housing Expediter’s interpretation of the term “hotel”. On December 21,1949, the New York City Department of Buildings granted to the owners of the subject property a certificate of occupancy stating that the premises constituted a hotel. Under section 2 (subd. 2, par. [b]) of the State Residential Rent Law, the accommodations in the subject premises continued to be exempt from rent control, save as to tenants whose occupancy was continuous since December 2, 1949, because the establishment was commonly regarded as a hotel in the community in which it was located and customarily provided hotel services. Section 2 (subd. 2, par. [b]) of the rent law, was amended (L. 1959, ch. 695) effective June 30, 1959, and, pursuant to subdivision 2-b of section 4 (as amd. by L. 1959, ch. 695 and likewise eff. June 30,1959) the commission promulgated effective November 1, 1959, subdivision 10 of section 21 of the State Rent and Eviction Regulations, which, as to premises which had at one time been rent-controlled but which had been decontrolled by reason of a previous order, finding, opinion, or determination of the commission that the premises constituted a hotel, and which was now being recontrolled because it is not now being operated as a hotel within the definition of that term as contained in the 1959 amendment, fixed the amount of rent as the rent charged on July 1,1959, or the date of first renting, whichever was later. Pursuant to the same amendments, the commission promulgated subdivision 11 of section 21 and subdivision (e) of section 36 of the State Rent and Eviction Regulations, which, as to premises which had never before been controlled because it had always been regarded as a hotel but which is not now being operated as a hotel within the definition of that term as contained in the 1959 amendment, fixed a maxi *91 mum rent on the basis of comparable accommodations. A proceeding was instituted by the Administrator, which resulted in an order determining that plaintiff’s premises is no longer a hotel, and rents were reduced approximately by 50%. Plaintiff’s premises, it is alleged, had never before been subject to rent control.
Despite the denials contained in the answers, it does not appear, and plaintiff expressly denies, that the subject premises were under control at any time prior to the amendments under review. The Administrator asserts that it was his investigation and urging which eventually resulted in the amendments. The condition or emergency to be met arose from the fact that “ establishments which in fact were rooming houses when judged by conditions, equipment and actual practices found in these establishments were masquerading as hotels through a variety of devices * * *. By assuming unwarranted status as a hotel, these establishments achieved ready and simple decontrol which is applicable to hotels under the law.” It is asserted that these establishments became pseudo-hotels through two broad categorical circumstances as follows:
‘ ‘ Establishments which in fact had once been hotels but which were located in deteriorating geographic areas and had, chiefly for that reason, gradually eliminated all hotel services and in fact became rooming houses, frequently of low quality; and
‘ ‘ Establishments which in fact never were true hotels but were merely rooming houses or so called residence clubs but which adopted hotel names, installed some token hotel services and then in a manner not here relevant were able to obtain from the State Rent Commission an order, prior opinion, finding or determination that the establishment in fact was a hotel. ’ ’
Defendants contend that the statute provided that all such establishments would be classed as rooming houses, subject to rooming house regulation, which was considerably more stringent than for hotels. On the other hand, plaintiff contends that an establishment having once been a hotel, and registered as such under the Federal law, was not a type of establishment intended by the Legislature to be included in the control provisions of the amendment.
Hotels are excepted from control by the following language in section 2 (subd. 2, par. [b]) of the State Residential Rent Law: ‘ ‘ notwithstanding any previous order, finding, opinion or determination of the commission, housing accommodations in any establishment which on March first, nineteen hundred fifty, was and still is commonly regarded as a hotel in the community *92 in which it is located and which customarily provides hotel services”. (Italics supplied.)
The Legislative Committee to Study Bents and Bental Conditions did in its report state the purpose of the amendments as follows (N. Y. Legis. Doc., 1959, No. 45, p. 20):
‘ ‘ Becontrol of Pseudo ‘ Hotels ’: Will void orders and opinions of the Bent Commission decontrolling accommodations in certain establishments which, to escape Bent Control, began (usually after the year 1950) to represent themselves as ‘ hotels ’. * # *
“ This amendment will also vest in the Commission the additional power to recontrol former establishments that qualified as hotels which are currently not providing services customarily provided in hotels and have degenerated into rooming houses or worse. The restrictive definition of the term ‘ hotel ’ will make it unnecessary for the Commission to review any prior determination.”
“ Becontrol ” is a word of precise meaning and must necessarily be regarded as of utmost importance when rent control is the subject matter of the context in which it is found. There is no reason to doubt that the Administrator had found in the “hotel” accommodations a developing situation of extreme deterioration and abnormal economic factors and had become convinced that remedial legislation was required to correct the situation in this area. Finding and purpose cannot be deemed to be achieved legislatively unless the enactment demonstrates by unqualified and unambiguous language that the claimed purpose has been adopted. It is the defendants’ contention that the purpose was, and the amendments so enact, that all pseudo hotels which are in fact rooming houses shall no longer enjoy a classification of hotel and remain free from control, but shall be subject to control, regardless of their former history. This the amendments did not do — first, for the reason that the report of the legislative committee expressly stated it recommended recontrol, which must be deemed to relate to the bringing under control accommodations which at some time before had once been under control, and, second, the amending legislation opens with the language as follows: 1 ‘ notwithstanding any previous order, finding, opinion or determination of the commission, housing accommodations in any establishment which on March first, nineteen hundred fifty, was and still is commonly regarded as a hotel in the community in which it is located and which customarily provides hotel services ”. (Italics supplied.)
In these circumstances, it cannot be argued as defendants do, that the amendments subject to rent control two types of accom *93 mediations: (1) accommodations once controlled, which had been controlled by order or opinion of the rent commission, but which are not now being operated as a hotel, and (2) hotel accommodations never before controlled but which had degenerated into rooming houses. This contention is completely negatived by the statutory language just above quoted and the amendments do not provide a single corrective treatment for both categories, the legislative report demonstrates it did not cover both categories, and the opening language of the amendment demonstrates the single purpose to recontrol accommodations which had once before been under control.
By their arguments, the defendants request the court to find what the legislative report expressly disputes and which the Legislature did not achieve. It may well be, as the Administrator argues and has found as the result of his investigation, that the pseudo hotel situation required correction in that area, without exception, based on any past history, but that is not what the legislative committee was persuaded to report, or did report, or what the Legislature did. To that end, further action is necessary to complete the desired and needed control by legislation expressly subjecting to control such hotel accommodations, for the first time, as well as to recontrol such accommodations which at some prior time had been under control. Since plaintiff’s premises have never been under control, it must be concluded that it cannot be brought under control pursuant to a statute which provides only for the recontrol of premises which at some prior time had already been under control.
The motion of the plaintiff is granted and the motions of the defendants are denied.